

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NOS.
**WR-90,202-01**
**WR-90,202-02**
**WR-90,202-03**
**WR-90,202-04**
**WR-90,202-06**
**WR-90,202-07**
**WR-90,202-08**

**EX PARTE NIJEL JOHNSON, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. W18-21032-M(A), W18-76024-M(A), W15-70228-M(A), W18-13731-M(A),**
**W17-00488-M(A), W18-21060-M(A), AND W15-31392-M(A)**
**IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY**

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with two state-jail offenses of theft from a person and two offenses of second-degree aggravated assault. He pled guilty under plea agreements for deferred adjudication probations.

During the probation period, Applicant was arrested for first-degree aggravated robbery, third-degree evading in a vehicle, another first-degree aggravated robbery, and two third-degree offenses of assault with family violence. The State moved to revoke the four deferred-adjudication probations and pursued convictions on the five new offenses. Applicant disposed of all nine cases on the same day in written agreements. He later filed a notice of appeal regarding one of the aggravated assault convictions, but he did not file notices of appeal regarding the other convictions.

According to Applicant, he asked trial counsel to file notices of appeal, but trial counsel failed to do so. Applicant says he contacted an appellate attorney, and this attorney filed notice of appeal in one case but not the others. There is no affidavit from trial counsel in the habeas record, and appellate counsel states that he believed he was filing notices of appeal in all the cases. The habeas record contains no findings resolving the controverted facts.

Regarding the old offenses for which Applicant's probations were revoked (the -03, -06, and -08), the agreements on revocation do not specify that Applicant was waiving appeal, and there are no appellate certifications regarding the judgments adjudicating guilt. Regarding the new offenses (the -01, -02, -04, and -07), Applicant pled guilty under plea agreements. The trial court followed the plea agreements, so Applicant is not entitled to appeal the convictions without the trial court's permission. *See* TEX. R. APP. PROC. 25.2. The appellate certifications give conflicting information as to whether Applicant had permission to appeal or waived appeal, and Applicant's plea agreements did not specify that Applicant was waiving his appellate rights. Regarding the -05 assault conviction, it was disposed of as a misdemeanor, so the late appeal claim as to this conviction cannot be raised via an Article 11.07 habeas application, which only applies to final felony convictions, but must be raised via an Article 11.09 habeas application, which applies to misdemeanors.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Jones v. State*, 98 S.W.3d 700, 703 (Tex. Crim. App. 2003). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to meaningful appeals through no fault of his own. *See Ex parte Axel*, *supra*; *Jones v. State*, *supra*. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 11, 2019
Do not publish